
FILED
JUL 3 0 2014
Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ERIC S. POTTS, | CV 13–114–M–DWM–JCL |
| Plaintiff, | |
| vs. | ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

I. **Status**

This matter began with the filing of a Complaint by Plaintiff Eric S. Potts seeking judicial review of a decision of the Commissioner of Social Security. (Doc. 3.) This Court has jurisdiction to hear the Complaint pursuant to 42 U.S.C. § 405(g). Because of the nature of this action, it was referred upon filing to United States Magistrate Judge Jeremiah C. Lynch. *See* L.R. 72.2(a)(1). A briefing schedule was set. (Doc. 9.) Plaintiff Potts filed a Motion for Summary Judgment. (Doc. 15.) The United States filed a Motion for Summary Judgment. (Doc. 19.) After briefing was completed on the motions, Judge Lynch entered the proposed Findings and Recommendations now before the Court. (Doc. 22.)

-1-

## II. Standard of Review

The portions of Judge Lynch's proposed Findings and Recommendations to which any party objects are reviewed *de novo*, otherwise the report is reviewed for clear error. When proposed findings and recommendations are met with objection, the Court reviews the relevant portions of the United States Magistrate Judge's report *de novo*. 28 U.S.C. § 636(b). When no party objects, the Court reviews the report for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error is present only if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

## III. Analysis

After reviewing the parties' submissions on the pending Motions for Summary Judgment, Judge Lynch concluded that the Commissioner's Motion should be granted and the Plaintiff's Motion denied. The Plaintiff timely filed objections to Judge Lynch's findings and recommendations. Potts claims that Judge Lynch erred because the Administrative Law Judge (ALJ) in the administrative proceedings before the Social Security Administration now under review (a) failed to address all of his alleged severe impairments, (b) improperly rejected lay witness testimony, (c) improperly rejected the opinions of treating and

examining physicians, and (d) improperly rejected the Plaintiff's testimony in reaching the conclusion that the Plaintiff is not disabled under the Social Security Act, 42 U.S.C. § 301 *et seq*. Potts insists that the improperly considered testimony should be treated as true, the ALJ decision should be vacated, and benefits should be awarded.

### A. Plaintiff's Allegations of Severe Impairment

After *de novo* review of Judge Lynch's report, the parties' submissions, and the transcript of record, the Court adopts Judge Lynch's findings regarding the ALJ's discussion of Potts' allegations of severe impairment. In his Objections, the Plaintiff claims the ALJ impermissibly failed to consider his obesity as a severe condition. (Doc. 23 at 4-5.) The Plaintiff's objection does not specifically rejoin Judge Lynch's findings on this issue. Specifically, the Plaintiff does not rebut the finding that there was no medical evidence or physician opinion addressing obesity or any attendant functional limitation. The ALJ's limited consideration of this alleged impairment was justified based on this fact alone. Furthermore, Potts does not address Judge Lynch's finding that any error in treatment of alleged obesity was harmless. Contrary to his assertion, functional limitations directly attributable to Potts' obesity are not "borne out by the record." The ALJ did not err in his analysis. Judge Lynch's findings and recommendation on this issue will

be adopted.

### B. Lay Witness Testimony

After *de novo* review of Judge Lynch's report, the parties' submissions, and the transcript of record, the Court adopts Judge Lynch's findings regarding the treatment of lay witness testimony by the ALJ in the administrative proceedings below. In his Objections, the Plaintiff claims the ALJ improperly considered the testimony of a lay witness, his wife, Ms. Romanelli. (Doc. 23 at 5-10.) The ALJ discussed Romanelli's testimony and provided reasons for rejecting it or affording it little weight. (*See* Tr. at 19, 22-23.) The ALJ was only required to provide germane reasons for rejecting these lay witness statements. *Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993). The ALJ sufficiently addressed Romanelli's testimony and provided germane reasons for the conclusions drawn from her statements. Judge Lynch's findings and recommendation on this issue will be adopted.

### C. Dr. Bechard's Opinions

After *de novo* review of Judge Lynch's report, the parties' submissions, and the transcript of record, the Court adopts Judge Lynch's findings regarding the consideration of the opinions of the treating physician, Dr. Bechard, by the ALJ in the administrative proceedings below. In his Objections, the Plaintiff claims the

ALJ improperly rejected Dr. Bechard's opinions because he claims those opinions are entitled to controlling or at least great weight. (Doc. 23 at 10-12.) The Plaintiff's statement of the law regarding the weight afforded a treating physician's opinion is incorrect. "The ALJ may disregard the treating physician's opinion whether or not the opinion is contradicted." *Batson v. Comm. of Soc. Security Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (*quoting Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). The ALJ provided specific and legitimate reasons for discrediting Dr. Bechard's opinions. (*See* Tr. at 22.) Judge Lynch's findings and recommendations on this issue will be adopted.

### D. Plaintiff's Testimony

After *de novo* review of Judge Lynch's report, the parties' submissions, and the transcript of record, the Court adopts Judge Lynch's findings regarding the consideration of the Plaintiff's testimony by the ALJ in the administrative proceedings below. In his Objections, the Plaintiff claims the rationale set forth by the ALJ for finding his testimony lacked credibility was not sufficient. (Doc. 23 at 12-14.) The Plaintiff's argument does not specifically rejoin the findings set forth in Judge Lynch's report. The ALJ provided sufficiently clear and convincing reasons for finding the Plaintiff's testimony only partly credible, and those reasons were sufficiently tied to the specific testimony presented by the Plaintiff. (*See* Tr.

at 19-21.) Judge Lynch properly concluded that the Court should not disturb the credibility determinations entered by the ALJ. Judge Lynch's report will be adopted in-full on this point.

### E. Remaining Issues

No objection was lodged to any remaining portion of Judge Lynch's proposed Findings and Recommendations. The portions of Judge Lynch's report to which no party objects are free of clear error and will be adopted.

## IV. Conclusion

Judge Lynch properly decided the pending Motions for Summary Judgment. The ALJ decision below is supported by substantial evidence and is free of legal error.

IT IS ORDERED that the proposed Findings and Recommendations for disposition of this matter entered by United States Magistrate Judge Jeremiah C. Lynch, (Doc. 25), are ADOPTED IN-FULL.

IT IS FURTHER ORDERED that Plaintiff Eric S. Potts' Motion for Summary Judgment, (Doc. 14), is DENIED.

IT IS FURTHER ORDERED that the Commissioner's Motion for Summary Judgment, (Doc. 19), is GRANTED

IT IS FURTHER ORDERED that Commissioner's decision is AFFIRMED

pursuant to 42 U.S.C. § 405(g). The Clerk of Court shall enter judgment in favor of the Commissioner and close this case.

DATED this 30 day of July, 2014.

Donald W. Molloy, District Judge
United States District Court